UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| NATHEN DAY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL CAR CURE LLC, a Florida limited liability company, MATRIX FINANCIAL SERVICES, LLC, a Delaware limited liability company, MATRIX WARRANTY SOLUTIONS, INC., a Nevada corporation, GUSTAV RENNY, an individual, JOHN DOE, an unknown entity,<br><br>Defendants. | Case No.: 8:20-cv-00104 |

**DEFENDANTS, NATIONAL CAR CURE LLC, MATRIX FINANCIAL SERVICES, LLC, MATRIX WARRANTY SOLUTIONS, INC. AND GUSTAV RENNY'S, UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendants, NATIONAL CAR CURE LLC, MATRIX FINANCIAL SERVICES, LLC, MATRIX WARRANTY SOLUTIONS, INC. AND GUSTAV RENNY ("collectively Defendants"), hereby move this Court, pursuant to 6.1(a) of the Civil Rules of the United States District Court for the District of Nebraska, for an enlargement of time of thirty (30) days, up to and including May 11, 2020, to file a response to Plaintiff's Complaint. In support of this Unopposed Motion for Enlargement of Time ("Motion"), Defendants state as follows:

1. Plaintiff filed his Complaint against Defendants on March 18, 2020 and served process on NATIONAL CAR CURE LLC and GUSTAV RENNY on March 23, 2020. It is believed that MATRIX FINANCIAL SERVICES, LLC and MATRIX WARRANTY SOLUTIONS, INC. were served on March 20, 2020.

2. Defendants, NATIONAL CAR CURE LLC and GUSTAV RENNY'S, responses to Plaintiff's Complaint are currently due on April 13, 2020.

3. Defendants, MATRIX FINANCIAL SERVICES, LLC and MATRIX WARRANTY SOLUTIONS, INC.'S, responses to Plaintiff's Complaint are currently due on April 10, 2020.

4. The undersigned was just retained to represent Defendants in this matter and is currently investigating Plaintiff's allegations and gathering the necessary information to properly respond to Plaintiff's Complaint.

5. On March 13, 2020, the President of the United States issued a proclamation declaring a national emergency concerning the Novel Coronavirus Disease (COVID-19) outbreak. As the Court is aware, most of the coronavirus infections within the State of Florida have been diagnosed in Miami-Dade, Broward and Palm Beach Counties.

6. Miami-Dade, Broward and Palm Beach Counties have closed all non-essential businesses and warned the public to socially distance themselves. Many members of the legal community have been affected, directly or indirectly, by COVID-19 by needing to stay home, caring for family members, assisting children with home schooling or just trying to remain safe and healthy.

7. In cooperation with the orders from our government leaders, Defendants' counsel's office has had all employees work remotely from home.

8. Based on the foregoing, and 6.1(a) of the Civil Rules of the United States District Court for the District of Nebraska, Defendants request an extension of time of thirty (30) days within which to respond to Plaintiff's Complaint, which would re-set the deadline for serving their responses up to and including May 11, 2020.

9. On April 8, 2020, Plaintiff's counsel advised undersigned counsel that he did not oppose the requested extension.

WHEREFORE, Defendants respectfully request that the Clerk grant their Motion for Enlargement of Time, up to and including May 11, 2020, to file their responses to Plaintiff's Complaint.

### Memorandum of Law

Under Fed. R. Civ. P. 6(b), upon good cause shown, the Court has the authority to enlarge the period of time within which a defendant may serve its response to the Complaint. *See, e.g., Woods v. Allied Concord Fin. Corp.*, 373 F.2d 733, 734 (5th Cir. 1967); *Harris v. Siegel*, 438 F. Supp. 510, 513 (S.D. Fla. 1977). Unless the deadline for response has passed, any Motion for Enlargement remains timely. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895 & n.5 (1990); *see also Ritter v. Smith*, 811 F.2d 1398, 1403-05 (11th Cir. 1987), *cert. denied*, 483 U.S. 1010 (1987). Courts have recognized that timely Motions under Fed. R. Civ. P. 6(b)(1) generally are granted and that such enlargements are "readily" available. *See, e.g., Sherrod v. Piedmont Aviation, Inc.*, 516 F. Supp. 39, 41 & n.1 (E.D. Tenn. 1978); *In re Pioneer Inv. Servs. CO.,* 106 B.R. 510, 515 (Bankr. E.D. Tenn. 1989).

In addition, 6.1(a) of the Civil Rules of the United States District Court for the District of Nebraska, upon motion, the clerk may order 1 extension of time, not to exceed 30 days after the defendant's initial answer date or the plaintiff's or cross claimant's initial reply or answer date, to serve: (A) an answer to the complaint; (B) a reply to a counterclaim;(C) an answer to a crossclaim in an answer; or (D) a motion under Federal Rule of Civil Procedure 12(b) or (e) to the complaint or to a counterclaim or crossclaim. The motion for an extension of time must be filed before the time originally allotted to answer or reply expires. The motion must (A) state the date when the answer or reply was originally to be served and (B) the new service date. If the motion is timely,

the clerk enters a text-only order granting the extension of time. No .pdf document is attached to the entry.

**As this Motion conforms with the above requirements and is timely, it would be an appropriate exercise of the Court's discretion to grant the requested enlargement of time.**

WHEREFORE, for good cause shown, Defendants respectfully request that the Clerk grant their Unopposed Motion for Enlargement of Time, up to and including May 11, 2020, to respond to Plaintiff's Complaint.

Dated: April 8, 2020.

                **Respectfully submitted:**

                BY: /s/ *Jason S. Weiss*
                    Jason S. Weiss
                    Jason@jswlawyer.com
                    Florida Bar No. 356890
                    **WEISS LAW GROUP, P.A.**
                    *Attorneys for Defendants*
                    5531 N. University Drive, Suite 103
                    Coral Springs, FL 33067
                    Tel: (954) 573-2800
                    Fax: (954) 573-2798

### CERTIFICATE OF SERVICE

I HEREBY certify that on this 8th day of April, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which automatically gives notice to all parties of record.

                BY: /s/ Jason S. Weiss
                    Jason S. Weiss
                    Jason@jswlawyer.com
                    Florida Bar No. 356890