IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATHEN DAY, individually, and on behalf of all others similarly situated; | **8:20CV104** |
| Plaintiff, | |
| vs. | **ORDER** |
| GUSTAV RENNY, an individual; NATIONAL CAR CURE LLC, a Florida limited liability company;  MATRIX FINANCIAL SERVICES, LLC, a Delaware limited liability company; MATRIX WARRANTY SOLUTIONS, INC., a Nevada corporation; and JOHN DOE, an unknown entity; | |
| Defendants. | |

On May 11, 2020, Plaintiff Nathen Day ("Day") moved for "leave to conduct limited expedited discovery to serve one interrogatory" on Defendant Gustav Renny ("Renny"). (Filing No. 21). The proposed interrogatory requests the identity of "the person or entity who transferred a call with Plaintiff to National Car Cure LLC, or otherwise made you aware of Plaintiff, on March 6, 2020." (Filing No. 22-2).

On May 14, 2020, Renny filed a "Notice of Serving His Response to Plaintiff's Special Interrogatory." (Filing No. 26). Renny's notice states he served a response to Day's expedited interrogatory request via a May 14, 2020 email to Day's attorney. (Id). Renny objected to the interrogatory as "vague and ambiguous." (Filing No. 27-1 at CM/ECF p. 6). Renny's response further indicated that "Defendant is not clear as to what is being asked with regard to 'otherwise

made you aware of Plaintiff, on March 6, 2020.' Furthermore, Defendant objects to discovery being propounded at this time. Without waiving the above objections, Defendant is without knowledge." (Filing No. 27-1 at CM/ECF p. 6).

On May 15, 2020, the court contacted the parties and asked whether, in light of Renny's response, Plaintiff's Motion for Leave to Conduct Expedited Discovery was now moot. On May 18, 2020, Renny provided a supplemental response to Day's expedited interrogatory. Renny's supplemental response states:

> Without waiving the above objections, Defendant cannot answer this Interrogatory as asked. No one transferred a call with Plaintiff to National Car Cure, LLC ("NCC"). Defendant was not aware of Plaintiff until sometime after March 6, 2020, which was most likely March 9, 2020 when Plaintiff called NCC to cancel the auto warranty policy he had purchased from NCC just three (3) days earlier.
>
> However, what Defendant can state is that Plaintiff was passed through www.policyhub. com on February 23, 2020 and opted-in to be contacted by NCC. The opt-in information was provided to counsel for Plaintiff via email on May 7, 2020. This opt-in information contains Plaintiff's name, e-mail address, phone number, date he opted-in, date he was contacted via phone by a live person and Plaintiff's unique IP Address. Plaintiff was called by a live representative of NCC (not from a pre-recorded message or an auto-dialer) for the first time on February 24, 2020 and he did not purchase a policy from NCC during that phone call. Plaintiff was contacted by NCC a second time on March 6, 2020, once again by a live person, and purchased a policy for a 2007 Saturn with 154,000 miles on it that he claimed he owned. On March 9, 2020, Plaintiff called NCC and stated that he read the policy and it was not what he thought it would be. He cancelled the policy and he was given a refund.

(Filing No. 27-1 at CM/ECF p. 15).

On May 19, 2020, Day filed a supplemental brief in support of his Motion for Leave, indicating his motion was not rendered moot by Renny's responses. (Filing

No. 27 at CM/ECF p. 2). Day claims Renny answers were "insufficient, incomplete, and inconsistent" when compared with other information provided by Renny's attorney. Day admits that Renny has "disclosed that a website with the address www.policy-hub.com was the third party that purportedly identified Plaintiff[,]" as requested in the expedited interrogatory request. Day complains, however, that "there is no information about the company that owns or operates www.policy-hub.com. Accordingly, Renny has not yet identified the company." (Id. at CM/ECF p. 3). Renny argues that he fully answered the request, as propounded, and that Day's request for more information about www.policy-hub.com is beyond the scope of Day's interrogatory. (Filing No. 31 at CM/ECF pp. 4-5).

With that history in mind, the undersigned notes that the sole relief requested in the motion currently before the court is for leave to propound an interrogatory that has already been served and answered (twice). (Filing No. 21). As such, and consistent with Day's briefing, Day is apparently moving to compel an additional response to a previously propounded and expedited discovery request. Upon review of the request and both responses, the court is not convinced that Renny's response is deficient. Day is now armed with the name of the third-party whose identity he sought, and he will have ample opportunity to obtain additional information about www.policy-hub.com throughout the course of traditional discovery or by informal means. Moreover, Renny has moved to dismiss for lack of personal jurisdiction, (Filing No. 28). If this court lacks personal jurisdiction over Renny, it cannot order Renny to respond to expedited discovery served for litigation in this forum. If the court has personal jurisdiction over Renny, Day will be afforded the opportunity to conduct appropriate discovery, in accordance with the Federal Rules, after the parties have conducted their Rule 26(f) Planning Meeting and the court enters a case progression order.

For the foregoing reasons, the court will not compel an additional response from Renny at this time. See Fed. R. Civ. P. 26(d); see also Robertson v. Pace, 799 F. App'x 955, 956 (8th Cir. 2020) (discussing the district court's broad discretion to limit and allow discovery).

Accordingly,

IT IS ORDERED:

    1)    Day's Motion for Leave to Conduct Expedited Discovery, (Filing No. 21), is denied as moot. Day has already obtained the sole relief requested in his motion.

    2)    Further discovery, and any motion to compel additional information responsive to the interrogatory at issue, shall not be filed until after the court rules on the pending motion to dismiss and enters a case progression order. In addition, any motion to compel cannot be filed without first: a) thoroughly discussing the issue with opposing counsel in good faith (NECivR 7.1 (i)); and if the dispute cannot be resolved, b) contacting the undersigned magistrate judge to discuss the dispute. The failure to contact the court prior to filing a discovery motion may result in an order striking the motion.

Dated this 11th day of June, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

4