IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATHEN DAY, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL CAR CURE LLC, a Florida limited liability company; MATRIX FINANCIAL SERVICES, LLC, a Delaware limited liability company; MATRIX WARRANTY SOLUTIONS, INC., a Nevada corporation; JOHN DOE, an unknown entity;<br><br>Defendants. | **8:20CV104**<br><br>**ORDER** |

This matter is before the court on "Objection and Motion to Quash" filed by non-parties Gustav Renny ("Renny") and National Auto Protection Corp. ("National Auto"), (Filing No. 50). Renny and National Auto object to a Fed. R. Civ. P. 45 subpoena served in this matter by Plaintiff Nathan Day ("Plaintiff") and directed to non-party Leadspedia, Inc. (hereafter "the Leadspedia Subpoena").

Renny and National Auto claim the Leadspedia Subpoena is unduly burdensome, overbroad and irrelevant. (Filing No. 50 at CM/ECF p. 4). They seek an order "quashing Plaintiff's Subpoena to Leadspedia, Inc. as it relates to Renny and National Auto including, but not limited to Documents Request No.'s [sic] 4, 8, 9, 11 and 12[.]" (Id).

ANALYSIS

Plaintiff's complaint alleges a claim pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges he received a series of robocalls selling vehicle service contracts. He claims that for each call, he attempted unsuccessfully to identify the caller. Most recently, on March 6, 2020, Plaintiff answered a robocall advertising auto warranties. He asserts that he followed the recorded instructions and was connected to a representative he alleges was employed by Defendant National Car Cure, LLC. Plaintiff "did not want or need a vehicle protection policy," but in "order to cease harassment from anonymous robocallers such as Defendants, Plaintiff purchased a vehicle protection policy for the sole purpose of identifying who was calling and/or the company who was responsible for calling." (Filing No. 1 at CM/ECF p. 10, ¶ 79). He then brought this action for violation of the TCPA naming Gustav Renny, National Car Cure, LLC; Matrix Financial Services, LLC; Matrix Warranty Solutions, Inc.; and a "John Doe" as defendants.

Certain of the named defendants subsequently moved to dismiss – including Defendant Renny. The court granted Renny's motion, and he was dismissed as a party to this action. (Filing No. 46). Now, appearing as a non-party, Renny brings the instant objection to the Leadspedia Subpoena. National Auto, who joins in Renny's objection, was never a party to this case and likewise seeks to litigate the objection as a non-party.

Renny and National Auto's objection is atypical: They are neither parties to the action nor targets of the subpoena. Given that context, the court must first address whether Renny and National Auto have standing to quash the Leadspedia Subpoena.

In general, "[a] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." Mawhiney v. Warren Distribution, Inc., 2007 WL 433349, at *1 (D. Neb. Feb. 7, 2007); see also Nalls v. Napolean, 2015 WL 1849524, at *1 (E.D. Mich. Apr. 22, 2015) (internal quotation marks omitted) (citing Mann v. Univ. of Cincinnati, 1997 WL 280188, at *4 (6th Cir. May 27, 1997)). The question of what amounts to a sufficient "personal interest" to confer standing under Rule 45 does not appear to have a single, definitive answer. However, "[s]uch rights or privileges have been recognized with respect to personal bank records, information in a personnel file, [or] corporate bank records . . ." Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013) (citation omitted).

Renny and National Auto object to the following categories of documents subpoenaed from Leadspedia:

4. All documents and communications re-sent to, received from, and related to policy-hub.com and person(s) who operate or use policy-hub.com.

8. All documents and communications sent to or received from Gustav Renny.

9. All documents and communications relating to Plaintiff Nathen Day.

11. All documents and communications sent to or received from National Auto Protection Corp.

12. All documents relating to the account in the name of National Auto Protection Corp. and nationalauto.leadspediatrack.com.

(Filing No. 50-1 at CM/ECF p. 6). The filings by Renny and National Auto (Filing Nos. 50 and 54) do not assert that the information sought from Leadspedia is somehow privileged or confidential. And, based on the categories of documents to which they object, the court cannot identify any facially apparent risk that the documents requested contain "personal interest" information sufficient to confer standing upon Renny and National Auto to quash the subpoena. The court finds that neither Renny nor National Auto has stated a legally cognizable basis on which they might have standing to quash the subpoena.

Absent some cognizable personal interest of a third party, only subpoena recipient may properly object to the burden of compliance. Allstate Ins. Co. v. Electrolux Home Prod., Inc., 2017 WL 5478297, at *3 (N.D. Ill. Nov. 15, 2017) ("As a non-recipient of the subpoena, Plaintiff has no interest in any undue burden that compliance would require, and Plaintiff thus has no standing to object on that basis."); CineTel Films, Inc. v. Does 1-1,052, 853 F. Supp. 2d 545, 556 (D. Md. 2012) ("the undue burden contemplated by Rule 45 is one placed on the direct recipient of the subpoena. . . ."). Renny and National Auto may have legitimate concerns about the scope of the subpoena. But, "even a defendant's legitimate concerns about the effects of a subpoena have no place within the undue burden calculus, as the burden of literal compliance with this subpoena falls to a third-party." Malibu Media, LLC v. Doe, 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016) (quotation marks and citation omitted).

In sum, as to Renny and National Auto's burden and broadness objections, they have no standing. There is nothing before the court that would indicate, let alone establish, that Renny or National Auto have any valid basis to argue that the subpoena targets their confidential or privileged information. Leadspedia, Inc. itself may have a valid objection, although any consideration of that objection is subject to an evaluation of its timing, the procedural history, the choice of venue, and the

merits.[1] The court will not quash the subpoena based on Renny and National Auto's claims of broadness or burden.

As to Renny and National Auto's relevancy objection, the calculus is somewhat different. The court has broad discretion over discovery matters and would be well within its right to quash a subpoena upon a showing that it was seeking information wholly irrelevant to the claims litigated. Plaintiff argues that "[t]he Leadspedia records are relevant because they will show whether and how Defendant National Car was using National Auto's Leadspedia account in connection with policy-hub.com to claim Plaintiff and other Class members[2] had prior dealings with National Car such that it obtained consent to make the offending phone calls at issue in the case." (Filing No. 56 at CM/ECF p. 6).  The TCPA claim at issue here will hinge upon a determination as to how the calls to Plaintiff were initiated, by whom, and with what (if any) authority or consent. Plaintiff's stated basis for seeking the Leadspedia data appears reasonably calculated to discern information related to that goal.

When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish that the discovery is not relevant, or is "of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." Halstead, 236 F.R.D. at 671. Even if Renny and National Auto have standing, they have not made that showing. In fact, Renny and National Auto's briefing offers no explanation as to why the information sought is irrelevant. Renny claims, in conclusory fashion, that because he was dismissed as a party, information about

---

[1] Plaintiff argues that Renny and National Auto have failed to comply with the local rules and have also brough this action in the wrong forum. The court will not reach those arguments because, as is outlined herein, the court finds that Renny and National Auto have failed as a threshold matter to establish standing.
[2] Plaintiff brings this action on behalf of a putative class. The court has not certified a class.

his purported role in this case is irrelevant. Such a broad proclamation is unpersuasive, especially without any supporting argument explaining why.

Perhaps if the target of the subpoena, or a party to this case, had lodged a relevancy objection, it would have had more teeth. See Streck, Inc. v. Research & Diagnostic Sys., Inc., 2009 WL 1562851, at *3 (D. Neb. June 1, 2009) (noting that the targeted party is "in the best position to negotiate with the requesting party and, if necessary, raise their own objections"). As it stands, there is nothing before the court that supports an order quashing or modifying the Leadspedia Subpoena as irrelevant.

Accordingly, IT IS ORDERED:

1) Renny and National Auto's Objection and Motion to Quash (Filing No. 50) is denied.

2) Plaintiff's motion to "strike" Renny and National Auto's Objection (Filing No. 52) is denied as moot.

Dated this 28th Day of October, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge