## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| NATHEN DAY, individually, and on behalf of all others similarly situated, | Case No.: 8:20-cv-00104-LSC-CRZ |
| Plaintiff, | |
| vs. | |
| NATIONAL CAR CURE LLC, a Florida limited liability company, MATRIX FINANCIAL SERVICES, LLC, a Delaware limited liability company, MATRIX WARRANTY SOLUTIONS, INC., a Nevada corporation, GUSTAV RENNY, an individual, JOHN DOE, an unknown entity, | |
| Defendants. | |

## NON-PARTY NATIONAL AUTO PROTECTION CORP.'S REPLY TO PLAINTIFF, NATHEN DAY'S, RESPONSE TO MOTION TO QUASH

Non-Party, National Auto Protection Corp. ("National Auto"), by and through undersigned counsel and pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, hereby files this Reply to Plaintiff Nathen Day's ("Plaintiff") Response to National Auto's Motion to Quash ("Motion to Quash") Plaintiff's Notice of Subpoena pursuant to Fed. R. Civ. P. 45 ("Notice") to non-party, Leadspedia, Inc. ("Leadspedia") [D.E. 67], and states as follows:

1.      First and foremost, Plaintiff should not be permitted to advance this case, especially as it relates to discovery directed to third parties, including without limitation, as it relates to Non-Party, National Auto.  Pending before this Court is a wholly dispositive Motion to Dismiss pursuant to Federal Rule of Procedure 12(h)(3), and supplemental case law, all of which confirms this Court's lack of subject matter jurisdiction over this matter and subject to adjudication, should stop this case in its tracks from proceeding forward.

2.      If for some reason this Court allows this case and discovery to proceed (which it should not), critically what cannot be lost here is that National Auto (and fellow non-party Gustav Renny), are **not parties to this lawsuit** and Plaintiff's continued effort to confuse the Court by repeatedly referring to other lawsuits and other matters involving National Auto and Gustav Renny (collectively "Non-Parties") is entirely disingenuous and has no place in the instant matter. Plaintiff keeps attacking the Non-Parties by using this case as a sword (while simultaneously fighting the Non-Parties each step of the way when attempting to defend their rights). Plaintiff made the decision on his own not to include National Auto as a party to this lawsuit and this Court has already dismissed Gustav Renny ("Renny") with prejudice from this proceeding. *See* July 24, 2020 Order dismissing Renny with prejudice from this proceeding [D.E. 46]. Plaintiff is not entitled in perpetuity to take as many bites of the proverbial apple as he so pleases and the Court needs to limit this case to the parties and keep the Non-Parties from being unnecessarily dragged in and incurring significant costs and fees.

3.      Acknowledging that a reply brief may not merely repeat the moving party's initial arguments, but rather must address factual or legal issues raised in the opposing brief, National Auto simply requests that the Court re-review the Motion to Quash [D.E. 63].

4.      Plaintiff had an opportunity to include National Auto as a party defendant to this case, but chose not to do so. Instead, Plaintiff is trying to get information about National Auto to be used in another case (the Shanahan case referred to by Plaintiff's counsel in his affidavit). National Auto has **never** been a party to this action and Plaintiff is trying to ignore (intentionally or otherwise) or disregard its protections, rights and remedies afforded to National Auto.

5.     Simply stated, Plaintiff's overbroad and inappropriate attempt to obtain irrelevant, non-discoverable and unduly burdensome information with respect to National Auto's business operations have no bearing on the instant case and must not be permitted.

6.     This Court must summarily reject Plaintiff's efforts and admonish Plaintiff for attempting to "backdoor" such discovery requests that Plaintiff knows he is clearly not entitled to or even bothered to provide any legal support for to warrant imposing such a burden on non-parties to this proceeding.

7.     Even assuming *arguendo* that Plaintiff's backdoor discovery tactics were proper (which they are not), it must not go unnoticed that Plaintiff's Response is riddled with blatant misstatements of facts and law.  Plaintiff seems to be of the belief that if at first you do not succeed, then try, try again.  This is the **SECOND** subpoena to Leadspedia asking for documents about National Auto.  Since Plaintiff (or his counsel) did not get what Plaintiff wanted the first time with respect to National Auto (or what counsel needed for purposes of the Shanahan case), Plaintiff tried again.

8.     What is very telling is that in the Response [D.E. 67] and the Javitch Affidavit attached thereto [D.E. 67-1], Mr. Javitch states that he met and conferred with counsel for Leadspedia on November 12, 2020.  At no time after this conversation did Mr. Javitch make it known to counsel for the parties or to counsel for National Auto that he had a conversation with counsel for Leadspedia (rather, it was not until the filing of the Javitch Affidavit that the undersigned first learned that such conversation even take place).  At no time, even **after** the filing of the Response and even following an oral request from undersigned via telephone, did counsel for Plaintiff share with counsel for National Auto the contents of what was discussed with counsel for Leadspedia.  Instead, a second subpoena was issued and the details of such conversation is

being withheld.  It is only now, after service of the objection to the Second Subpoena, that information about a telephone conversation with counsel for Leadspedia was first identified, but without the substance of such important conversation being shared or disclosed in any meaningful way.

9.     If counsel for Plaintiff would have tried to meet and confer with counsel for Defendants and/or counsel for National Auto before issuing the Second Subpoena, or at any time advised as to the meet and confer that purportedly took place on November 12, 2020, then maybe some of the instant motion practice could have been avoided.  It is easy for Plaintiff to point fingers and accuse a Non-Party of not meeting and conferring when Plaintiff, who is a party to this proceeding and the one who initiated this case, did not try to meet and confer with National Auto after having a meet and confer with Non-Party Leasdpedia before sending a second subpoena.

10.     Further, a court "must limit the frequency or extent of discovery" if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed, R, Civ, P. 26(b)(2)(C).  Thus, here, as Plaintiff's efforts to obtain more information relating to National Auto via the Second Subpoena amounts to little more than a fishing expedition, this Court must quash the Subpoena as being overbroad for not limiting the documents requested to those containing subject matter relevant to the underlying action.  *See McGehee v. Texas Department of Criminal Justice,* 2018 WL 3996956, at *11 (S.D. Tex. August 21, 2018).

11.     Plaintiff is trying to use this instant lawsuit to get information about National Auto that can be used in other cases.  There is no basis for Leadspedia to need to turn over any

information about a NON-PARTY and there is no reason why the information discussed in the November 12, 2020 meet and confer cannot be divulged.

12.     In an effort to get National Auto and Plaintiff on the same page and to limit motion practice, on December 9, 2020, after reading the Response [D.E. 67], undersigned counsel called counsel for Plaintiff to discuss the Motion, the Response and this Reply.  It was agreed between Mr. Javitch and undersigned counsel that that there was nothing to discuss and the parties exhausted all avenues to resolve this matter without the need of the Court being involved.  It was concluded that no conversation between counsels before the objection to the second subpoena would have alleviated the need for the Motion to Quash.  As such, the claim that fees and sanctions should be awarded is admittedly not appropriate and must be denied.

13.     Likewise, on the December 9, 2020 call, undersigned counsel asked Mr. Javitch about what was discussed during the November 12, 2020 meet and confer between counsel for Leadspedia and counsel for Plaintiff's, and the details of same were not shared.  As such, the request for fees and sanctions is clearly not appropriate by Plaintiff and must be denied.

WHEREFORE, for the reasons set forth above, Non-Party National Auto respectfully moves this Court to enter an Order denying Plaintiff's Subpoena to Leadspedia, Inc. and sustaining the objection to the Subpoena, together with such further relief as this Court may deem proper.

Dated:  December 16, 2020.                     Respectfully submitted,

                                                 /s/ *Jason S. Weiss*
                                               Jason S. Weiss
                                               **WEISS LAW GROUP, P.A.**
                                               5531 North University Drive, Suite 103
                                               Coral Springs, FL 33067
                                               Tel: 954-573-2800
                                               Fax: 954-573-2798
                                               Email: jason@jswlawyer.com
                                               *Counsel for Non-Party NATIONAL AUTO*

## NEBRASKA CIVIL RULE 7.1(d)(3) CERTIFICATION OF COMPLIANCE

Pursuant to Nebraska Civil Rule 7.1(d)(3), the undersigned certifies that this Document contains 1,569 words.  The certifying author relies on the word-count function of Microsoft Word for Office 365 and certifies that the function was applied to include all text, including the caption, headings, footnotes, and quotations.

/s/      *Jason S. Weiss*
Jason S. Weiss

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December 2020, I caused a copy of the foregoing document to be served via ECF on all parties entitled to receive notice.

/s/      *Jason S. Weiss*
Jason S. Weiss